IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY EARL KENNEDY,

      Petitioner,

v.                                                          No. CIV-09-0229 JH/RLP

STATE OF NEW MEXICO, BERNALILLO COUNTY
DISTRICT ATTORNEY'S OFFICE, ROBERTO RAMBO,
GRETTA THOMAS, JONATHAN IBARRA,
JAMES YONTZ, ALL INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY, THE CITY OF ALBUQUERQUE,
THE ALBUQ., POLICE DEPARTMENT,
THE A.P.D., DETECTIVE MONTE CURTIS #2093,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

      Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Petitioner's (hereinafter "Plaintiff") civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Also under consideration is Plaintiff's second motion for leave to proceed in forma pauperis (Doc. 9), which the Court will deny as moot. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names a number of Respondents/Defendants and asserts a single claim that a state court erroneously dismissed the civil tort complaint that he filed after conclusion of criminal proceedings against him.  Plaintiff contends that the state court's dismissal of his tort complaint violated a number of his constitutional protections.  He states that he is "seeking to appeal the Bernalillo County, 2nd Judicial District Court's final judgment(s) and order(s), in dismissing his New Mexico Tort Claims Act 'NMTCA' complaint."  For relief, he asks this Court to remand the matter to the state court for further adjudication of his state law claims.

The complaint must be dismissed because this Court has no jurisdiction to review a state court judgment.  "In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416, 44 S. Ct. 149, 68 L. Ed. 362 (1923) the Supreme Court held that lower federal courts may not hear claims actually decided by a state court.  Sixty years later in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Court extended the holding of *Rooker* to claims that are 'inextricably intertwined' with a state court judgment."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004), *abrogated in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).  "[T]he requested relief can quickly reveal whether *Rooker-Feldman* applies.  Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Crutchfield*, 389 F.3d at 1148 (citing *Kenman Eng'g v. City of Union*, 314

F.3d 468, 478 (10th Cir. 2002); *see also Shell v. Meconi*, 123 F. App'x 866, 870 (10th Cir. 2005). Because Plaintiff expressly seeks review of a state court judgment, the complaint must be dismissed.

The Court will dismiss Plaintiff's complaint without prejudice to his right to pursue relief that may be available in the state courts. As observed by the Court of Appeals for the Tenth Circuit in *Atkinson-Bird v. Utah*, 92 F. App'x 645, 648 (10th Cir. 2004), the ruling in this order and the concurrent judgment bars Plaintiff from reasserting the instant claims in any federal court other than the Supreme Court of the United States.

IT IS THEREFORE ORDERED that Plaintiff's second motion for leave to proceed in forma pauperis (Doc. 9) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction, and, pursuant to Fed. R. Civ. P. 58(a), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE
